UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIAOFA SHI and CHUNYUN LIU, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA MOTOR CO., INC., <br><br> Defendant. | No. 11 C 2682 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Defendant American Honda Motor Co, Inc. removed this personal injury case from state court pursuant to 28 U.S.C. § 1446(b). Plaintiffs wish to return to state court and move to remand, arguing that Schaumburg Honda could be reinstated as a defendant in state court proceedings thereby destroying diversity jurisdiction. After reviewing the record, I agree with Defendant that there is no "reasonable possibility" that Schaumburg Honda will return to the state case. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Accordingly, Plaintiffs' motion to remand is denied.

I.  BACKGROUND

On May 25, 2008, Xiaofa Shi was involved in a rollover accident in his 2000 Honda CR-V sport utility vehicle that left him paralyzed. The complaint alleges that the 2000 Honda CR-V was defective and unreasonably dangerous because it lacked Electronic Stability Control ("ESC") systems which are designed to prevent sport utility vehicles from rolling over. Plaintiffs sued American Honda Motor Co. and Schaumburg Honda, the local dealership where Plaintiffs purchased the Honda CR-V, in Illinois state court on claims of strict product liability and negligence.

After substantial discovery was conducted, the state court granted summary judgment to Schaumburg Honda. The dismissal of Schaumburg Honda created complete diversity between the parties and Defendant immediately filed its notice of removal. 28 U.S.C. § 1446(b). Plaintiff objects to the removal on the grounds that Schaumburg Honda could likely be reinstated as a defendant in state court proceedings, as evidenced by two provisions in the trial court's summary judgment order allowing Plaintiffs to move for reconsideration and to take an additional deposition. I disagree.

II. ANALYSIS

The involuntary dismissal of non-diverse defendants in state trial court generally does not make a case removable under 28 U.S.C. 1446(b). *Poulos*, 959 F.2d at 72. This is mainly because the dismissal may not be final; the plaintiff could successfully appeal and have the non-diverse parties reinstated, thereby destroying diversity jurisdiction. Prohibiting removal in these situations promotes judicial economy by avoiding unnecessary back and forth between state and federal court. *Id*.

There is one exception to this rule. Where defendants can show that the non-diverse parties were fraudulently joined in state court, federal courts should allow for removal. *Id*. at 73. In this jurisdictional context, "fraudulent" does not carry its ordinary meaning as a negative characterization of motive. Rather, it is meant to describe "a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motive."[1] *Id*. ("When speaking of

---

[1] Plaintiffs argue that defendants should be required to plead with particularity their claims of fraudulent joinder. Fed. R. Civ. P. 9(b). While there is some precedent to support this position from other circuits, *see e.g. Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949), the Seventh Circuit has made clear its position that, in the jurisdictional context, "fraudulent" is not a characterization of motive (or any other state of mind). *Poulos*, 959 F.2d at 73. It therefore

jurisdiction, 'fraudulent' is a term of art."). *See also Steel v. Ford Motor Company*, No. 11-C00460, 2011 WL 1485380, at *3 n.2 (N.D. Ill. Apr. 19, 2011).

An out-of-state defendant asserting fraudulent joinder as an avenue for removal bears a difficult burden. "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis in original). Put differently, "the federal court must engage in an act of prediction" over whether there is a "reasonable possibility" that the non-diverse defendants could be reinstated. *Id*.

Based on the record before me I see no reasonable possibility of Schaumburg Honda being reinstated as a defendant in state court. To begin with, substantial discovery yielded no evidence that Schaumburg Honda exercised any control over the design or manufacture of the 2000 Honda CR-V sport utility vehicle, had actual knowledge of the defect, or created the defect. 735 ILCS 5/2-621(c). Nor is there any reason to believe that Plaintiffs would be unable to collect damages from Defendant should Plaintiffs ultimately prevail in this case. *See generally* 735 ILCS 5/2-621(b). Because of this, the state court was required to dismiss Plaintiffs' product liability claim against Schaumburg Honda under Illinois' "sellers exception" rule. 735 ILCS 5/2-621. Plaintiffs similarly failed to turn up evidence to create a genuine issue of fact on their negligence claim, entitling Schaumburg Honda to summary judgment.

Given that it is undisputed that Honda brand vehicles sold in the United States did not have ESC technology until 2003 – three years after Plaintiffs purchased their CR-V – and that

---

makes little sense to apply Rule 9(b)'s heightened pleading requirements, and I decline to do so here.

ESC technology and other stability features were not features Plaintiffs considered when purchasing their vehicle, I am unpersuaded that any amount of additional discovery could overcome the "sellers exception" rule or create a genuine issue of fact as to whether Schaumburg Honda acted negligently toward the Plaintiffs. As such, there is no reasonable possibility that Schaumburg Honda will be reinstated as a defendant, either by the state trial court or on appeal.

I pause to recognize that federal courts, including this one, are not in complete accord over whether removal should be allowed following the involuntary dismissal of non-diverse defendants under Illinois' "seller's exception" rule. 735 ILCS 5/2-621. *See Scheinman v. BMW*, No. 10-C4848, 2010 WL 3937489 (N.D. Ill. Sept. 30, 2010) (Conlon, J.);. *but see Steel*, 2011 WL 1485380 (Chang, J.). As Defendant rightly points out, that issue is not squarely raised in this case. Although entitled to dismissal of the strict products liability claim under 735 ILCS 5/2-621, Schaumburg Honda was actually granted summary judgment after considerable discovery. This fact greatly reduces the likelihood of later reinstatement. Even if a § 2-621 dismissal was central to this case, however, I agree with the *Steel* court that it is impossible to square *Poulos'* "reasonable possibility" test with a categorical bar on treating defendants dismissed pursuant to § 2-261 as fraudulently joined. *Steel*, 2011 WL 1485380, at *5. There is no reason why a district court cannot engage in the same "act of prediction" in cases involving § 2-621 dismissals as it does with every other type of involuntary dismissal. The Seventh Circuit has not carved out any exceptions to *Poulos*, and I see no reason to invent one from whole cloth.

**CONCLUSION**

      For the foregoing reasons, Plaintiffs' motion to remand is DENIED.

                                          ENTER:

                                        James B. Zagel
                                        United States District Judge

DATE: November 8, 2011